## TOWN OF GENEVA vs. CARPENTER and others.

### *Order dissolving injunction.*

An order dissolving an injunction as against non-residents named as defendants, over whom jurisdiction has not been acquired, and who do not appear to have any agents or attorneys in this state, would not injure the plaintiff, and will not be reversed.

APPEAL from the County Court of *Milwaukee* County.

The relief sought in this action was, that certain bonds and coupons issued by the plaintiff town might be adjudged void; that the defendants *Carpenter* and *Murphey* might be ordered to surrender said bonds and coupons to plaintiff to be canceled, and that Lamson and Alward (who are named as defendants), their agents and attorneys, might be enjoined from further prosecuting certain suits on said coupons, etc. Upon the complaint, an injunctional order was granted, for the purposes above mentioned, not only against *Carpenter* and *Murphy*, but also against Lamson and Alward. The complaint shows that the last two were not citizens of this state; and the record herein does not show any appearance by them. On motion of the defendant *Murphey*, plaintiff was required to show cause why the injunctional order should not be vacated; and at the hearing, the court ordered it to be set aside as to Lamson and Alward, but permitted to stand as to the other defendants. The plaintiff appealed from this order.

*Palmer, Hooker & Pitkin*, for appellant.
*N. S. Murphey*, contra

COLE, J. The injunction was dissolved in this case only as it respects the defendants Lamson and Alward. They were non-residents, had not appeared in the cause, and in no way submitted themselves to the jurisdiction of the court. What effect the injunction could

Town of Geneva vs. Carpenter and others.

possibly have in respect to them, under the circumstances, we are at a loss to discover. The state court never acquired jurisdiction over them, actually or constructively. And it appears to us, that the injunction, so far as they were concerned, was simply null and void. If this were so, the plaintiff could not be prejudiced by its dissolution in respect to them. It is said that, as they had not appeared in the cause, and no modification of the injunction was asked in their behalf, the court should not have dissolved it so far as it purported to affect them. Probably the court thought that the injunction was improperly granted in respect to those defendants, and therefore vacated it upon its own motion. But, as the injunction was inoperative and useless as to them, we cannot see what advantage it would be to the plaintiff to have it continued, or how it could be injured by its dissolution. These defendants are non-residents, and it does not appear that they have any agents or attorneys within the territorial limits of the state, upon whom the county court could exercise any control.

*By the Court.* — The order of the county court is affirmed.